**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

BRADLEY ELLIS,

                Plaintiff,

v.                                 CIVIL ACTION NO.   2:23-cv-00345

WEST VIRGINIA DIVISION OF
CORRECTIONS AND REHABILITATION,
and SGT. COLEMAN,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Dismiss* (Document 4), the *Memorandum of Law in Support of Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Dismiss* (Document 5), as well as the Plaintiff's *Complaint* (Document 1-1).   The Plaintiff did not file a response to the motion.   For the reasons stated herein, the Court finds that the motion to dismiss the West Virginia Division of Corrections and Rehabilitation (WVDCR) should be granted.

**FACTUAL ALLEGATIONS**

The Plaintiff, Bradley Ellis, was incarcerated at St. Mary's Correctional Center at all relevant times.[1]   St. Mary's Correctional Center is overseen by the WVDCR.   Defendant Sgt. Coleman was employed as a correctional officer at St. Mary's.

---

[1] The Plaintiff has filed a *Suggestion of Death* (Document 14), indicating that Mr. Ellis died on or about August 23, 2023.

In or about September 2022, Sgt. Coleman threw playing cards in Mr. Ellis's face.   Mr. Ellis "told Coleman that he was being disrespectful."   (Compl. at ¶ 8.)   Sgt. Coleman handcuffed the Plaintiff, then "began to throw plaintiff around, pushing him into the wall and the door," and "lifting plaintiff off the ground by his cuffs causing severe pain and injury."   (*Id.* at ¶ 9.)   Sgt. Coleman yelled, cursed at, and threatened Mr. Ellis while beating him.   Mr. Ellis suffered bruising, pain, and severe emotional distress, and has continued to seek medical assistance.   The Plaintiff indicates that, upon information and belief, Sgt. Coleman was suspended as a result of the behavior alleged in the Complaint.

The Plaintiff alleges the following causes of action: Count I – Violation of 42 U.S.C. § 1983; Count II – Outrageous Conduct; and Count III – Vicarious Liability.   Counts I and II appear to be alleged against Sgt. Coleman and Count III alleges that the WVDCR is vicariously liable as Sgt. Coleman's employer.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading.   *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008).   Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

2

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)).   In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555.   Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements."   *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).   The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor."   *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).   However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim.   *Iqbal,* 556 U.S. at 679.   Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments."   *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"   *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"   *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570).   In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570).   A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief."

3

*Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557).   "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Defendant WVDCR argues that the vicarious liability claim is not viable because Sgt. Coleman's actions constitute intentional torts outside the scope of employment.   It also argues that it is entitled to qualified immunity to the extent the Plaintiff is asserting that it was negligent in supervising Sgt. Coleman.   The Plaintiff did not respond to the motion.

The West Virginia Supreme Court of Appeals has established that the State of West Virginia and its agencies are immune from vicarious liability for torts committed by officials or employees "determined to have been acting outside the scope of [their] duties, authority, and/or employment."   Syl. Pt. 12, *W. Virginia Reg'l Jail & Corr. Facility Auth. v. A.B.*, 766 S.E.2d 751, 756 (W. Va. 2014).   Courts within this district have repeatedly found that claims of this nature, involving intentional torts and/or constitutional violations for the excessive use of force against inmates, allege conduct outside the scope of employment.   *See, e.g.*, *Shawn Holcomb v. West Virginia Division of Corrections and Rehabilitation, et al.*, No. 2:20-cv-767, 2021 WL 442918, at *2 (S.D. W. Va. Sept. 27, 2021) (Copenhaver, S.J.); *Jeffers v. Aldridge*, No. CV 3:22-0268, 2023 WL 2266140, at *4 (S.D.W. Va. Feb. 28, 2023) (Chambers, J.) (collecting cases).   As Judge Chambers reasoned:

> The brutal beating of a pretrial detainee without any provocation does not serve the purpose of the master and is not the type of force correctional officers are employed to use.   Although their positions

> as correctional officers may give them the opportunity to commit these acts, such opportunity does not bring those acts within the scope of employment.

*Jeffers*, 2023 WL 2266140, at 4.

Mr. Ellis alleges that Sgt. Coleman unnecessarily handcuffed him, then physically attacked and beat him without provocation.   As this Court previously noted, "courts have routinely held that intentional tortious conduct found in scenarios such as this one is outside a correctional officer's scope of employment."   *Roberts v. Void*, No. 2:23-cv-40, 2023 WL 3903918, at *4 (S.D. W. Va. June 8, 2023) (Berger, J.) (collecting cases).   Therefore, WVDCR's motion to dismiss should be granted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Dismiss* (Document 4) be **GRANTED** and that the West Virginia Division of Corrections and Rehabilitation be **DISMISSED** as a Defendant in this matter.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:          January 25, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

5