IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRADLEY ELLIS,

          Plaintiff,

v.                                CIVIL ACTION NO. 2:23-cv-00345

SGT. COLEMAN,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion to Dismiss Pursuant to Rule 41(b)* (Document 17), the *Memorandum of Law in Support of Defendant's Motion to Dismiss Pursuant to Rule 41(b)* (Document 18), both filed on July 11, 2024, and the Defendant's *Motion to Dismiss Pursuant to Rule 25 of the Federal Rules of Civil Procedure* (Document 19), filed on July 15, 2024. No response has been filed to date.

The Defendant[1] removed this action to federal court on April 20, 2023. On December 8, 2023, the Plaintiff filed a *Suggestion of Death* (Document 14), wherein counsel for Plaintiff Bradley Ellis indicated that Mr. Ellis died on or about August 23, 2023. Counsel indicated that a motion to substitute the Estate of Bradley Ellis would be "filed in the near future," following appointment of a family member as the Administrator. (Document 14 at 1.) No such motion was filed, and the case has been inactive since.

---

1 The Plaintiff named both Defendant Coleman and the West Virginia Division of Corrections and Rehabilitation (DCR). The Court entered a *Memorandum Opinion and Order* (Document 15) on January 25, 2024, granting a motion to dismiss the claims against DCR.

The Defendant filed motions to dismiss pursuant to Rule 41(b), for failure to prosecute, and pursuant to Rule 25. Rule 25(a)(1) of the Federal Rules of Civil Procedure addresses precisely the instant situation. It provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). The Defendant indicates that, upon information and belief, based on contact with local officials in the Plaintiff's county of residence, no Administrator of the Estate of Bradley Ellis was appointed.

After careful consideration of the record, as well as the absence of any response to the motions to dismiss, the Court **ORDERS** that the Defendant's *Motion to Dismiss Pursuant to Rule 25 of the Federal Rules of Civil Procedure* (Document 19) be **GRANTED** and that this matter be **DISMISSED** and removed from the Court's docket. The Court further **ORDERS** that the Defendant's *Motion to Dismiss Pursuant to Rule 41(b)* (Document 17) be **TERMINATED as moot**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 12, 2024

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA